Appeal No. 23-1450

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Axis Surplus Insurance Company
Plaintiff – Appellee,

vs.

TriStar Companies, LLC,
Defendant – Appellant

---

Appeal from the United States District Court for the Eastern District of Missouri
The Honorable Audrey G. Fleissig

---

OPENING BRIEF OF
DEFENDANT-APPELLANT TRISTAR COMPANIES, LLC

**BLITZ, BARDGETT & DEUTSCH, LC**

By:  */s/ Christopher O. Bauman*
Robert D. Blitz #24387MO
Christopher O. Bauman #52480MO
Steven Alan Ramsey #67126MO
Blitz, Bardgett & Deutsch, L.C.
120 South Central Ave., Suite 1500
St. Louis, Missouri 63105
314-863-1500 (office)
314-863-1877 (facsimile)
rblitz@bbdlc.com
cbauman@bbdlc.com
sramsey@bbdlc.com
*Attorneys for TriStar Companies, LLC*

## SUMMARY OF THE CASE

Defendant-Appellant TriStar Companies, LLC, ("TriStar" or "Appellant") requested that Plaintiff-Appellee Axis Surplus Insurance Company ("Axis" or "Appellee") defend and/or indemnify TriStar pursuant to an insurance policy ("Policy") after TriStar was named as one of many defendants in actions stemming from a tornado in Edwardsville, Illinois on December 10, 2021. After this demand, Axis filed the underlying action for declaratory judgment regarding applicability of the Policy to the underlying events.

The district court erred in its wrongful application of Missouri law in interpretation of that Policy. Missouri law mandates that if there is any possibility that the insured is covered under the Policy, then the insurer is under a duty to defend the insured. Missouri law also states that insurance policies are to be strictly construed against the insurer and construed in favor of coverage. Missouri law further requires that ambiguities are to be construed in favor of the insured and not the insurer.

Below, the district court contorted itself around the plain reading of the Policy to grant Axis's Motion for Summary Judgment and issued a declaratory judgment in its favor. TriStar appeals that ruling because the Policy requires coverage as a matter of law, and TriStar is entitled to judgment in its favor.

TriStar Requests 15 minutes for oral argument.

Appellate Case: 23-1450     Page: 2     Date Filed: 05/05/2023 Entry ID: 5273730

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, TriStar hereby submits that TriStar has no parent corporation or any publicly held corporation that owns 10% or more of TriStar.

iii

# TABLE OF CONTENTS

SUMMARY OF THE CASE ........................................................................ ii

CORPORATE DISCLOSURE STATEMENT ...................................... iii

TABLE OF AUTHORITIES ...................................................................v

I.    JURISDICTIONAL STATEMENT ................................................1

II.    ISSUES PRESENTED FOR REVIEW ........................................2

III.   STATEMENT OF THE CASE .....................................................3

IV.   SUMMARY OF THE ARGUMENT.........................................11

V.    ARGUMENT................................................................................12

    A.  Standard of Review – de novo.................................................12

    B.  The district court erred because (1) the law creates a duty to defend when there is a ***mere possibility*** that the Policy confers such a duty, (2) the law mandates strict construction of any exclusions, and (3) any ambiguities must be construed in favor of the insured. ...........................................12

    C.  The district court erred in its formulation of the issue from the outset..................................................................................15

    D.  The Amazon Warehouse is clearly within the *Limitation of Coverage to Designated Premises, Project or Operation* endorsement. ...........................16

    E.  The Products-Completed Operations Exclusion contains an unclouded exception to the exclusion when the transportation of property is involved.20

    F.  Even if the district court did reach the other referenced exclusions below: the Classification Exclusion; the Professional Services Exclusion; or the Real Estate Development Activities Exclusion, none are sufficient to preclude the possibility of coverage to TriStar under the Policy..................22

    G.  TriStar is entitled to judgment in its favor regarding breach of contract....................................................................................24

VI.   CONCLUSION...........................................................................25

iv

# TABLE OF AUTHORITIES

## **Cases**

*Am. Econ. Ins. Co. v. Jackson*
476 F.3d 620, 624 (8th Cir. 2007) ...................................................................2, 14

*Argonaut Great Cent. Ins. Co. v. Lincoln Cnty., Missouri*
952 F.3d 992, 995 (8th Cir. 2020) ...............................................................2

*Burns v. Smith*
303 S.W.3d 505, 509 (Mo. 2010) ...............................................................2, 13

*Capitol Indemnity Corp. v. 1405 Associates, Inc.*
340 F.3d 547, 550 (8th Cir. 2003) ...............................................................21

*Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.*
23 S.W.3d 874, 879 (Mo. Ct. App. W.D. 2000) ..................................................14, 22

*Colony Ins. Co. v. Pinewoods Enters., Inc.*
29 F.Supp.2d 1079, 1083 (E.D. Mo. 1998) ...............................................................21

*Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.*
462 F.3d 1002, 1007 (8th Cir. 2006) ...............................................................12

*Exotic Motors v. Zurich American Insurance Co.*
597 S.W.3d 767, 770 (Mo. Ct. App. E.D. 2020) ..................................................13, 19

*Golden Rule Ins. Co. v. R.S.*
368 S.W.3d 327, 334 (Mo. Ct. App. W.D. 2012) .....................................................19

*Interstate Bakeries Corp. v. OneBeacon Ins. Co.*
686 F.3d 539, 541 (8th Cir. 2012) ...............................................2, 12, 13, 14, 19

*Mau v. Twin City Fire Ins. Co.*
910 F.3d 388, 390 (8th Cir. 2018) ...............................................................12

*McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*
989 S.W.2d 168, 173 (Mo. 1999) ...............................................................14

v

*Murray-Kaplan v. NEC Ins., Inc.*
617 S.W.3d 485, 494 (Mo. Ct. App. E.D. 2021)......................................................23

*Philadelphia Consol. Holding Corp. v. LSI-Lowery Systems, Inc.*
775 F.3d 1072, 1076 (8th Cir. 2015).......................................................................12

*PlaNet Prods., Inc. v. Shank*
119 F.3d 729, 732 (8th Cir. 1997)............................................................................13

*Schmitz v. Great Am. Assur. Co.*
337 S.W.3d 700, 707 (Mo. 2011)............................................................................13

*Shelter Mut. Ins. Co. v. Ballew*
203 S.W.3d 789, 792 (Mo. Ct. App. W.D. 2006)....................................................13

*Sprint Lumber, Inc. v. Union Ins. Co.*
627 S.W.3d 96, 112 (Mo. Ct. App. W.D. 2021).......................................................20

*United Fire & Cas. Ins. Co. v. Thompson*
758 F.3d 959, 962–63 (8th Cir. 2014).....................................................................19

*Zurich Am. Ins. Co. v. Ins. Co. of N. Am.*
392 F. Supp. 3d 992, 999 (E.D. Mo. 2019).......................................................14, 22

**<u>Statutes</u>**

28 U.S.C. § 1291........................................................................................................1

28 U.S.C. § 1332........................................................................................................1

Appellate Case: 23-1450     Page: 6     Date Filed: 05/05/2023 Entry ID: 5273730

# I.    JURISDICTIONAL STATEMENT

TriStar is a Missouri registered company. Appendix (App.) 424-425 R. Doc 25 at 2-3. Axis is an Illinois corporation with its principal place of business in Georgia. App. 193; R. Doc. 19 at 2. The district court below determined it had jurisdiction pursuant to 28 U.S.C. § 1332. TriStar and Axis ("the Parties") are diverse and the amount of controversy is in excess of $75,000.

The district court entered declaratory judgment in favor of Axis and against TriStar on February 20, 2023. App. 903 R. Doc. 65 at 1; App. 924 R. Doc. 66 at 1. TriStar timely filed its notice of appeal of the final judgment on March 8, 2023. App. 928 R. Doc. 69 at 1. This Court has jurisdiction to hear the appeal from the final judgment pursuant to 28 U.S.C. § 1291.

1

## II.    ISSUES PRESENTED FOR REVIEW

**ISSUE NO. 1** – **Reviewed de novo**. Whether the district court erred in applying the law in finding there was no possibility of coverage for TriStar under the Policy, in interpreting the Policy against TriStar, and in declaring there were no issues of material fact by granting summary judgment in favor of Axis and denying TriStar's Motion for Summary Judgment in its February 10, 2023, Memorandum and Order and Declaratory Judgment Order.

- *Interstate Bakeries Corp. v. OneBeacon Ins. Co.,* 686 F.3d 539, 541 (8th Cir. 2012);

- *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010) (en banc);

- *Argonaut Great Cent. Ins. Co. v. Lincoln Cnty., Missouri*, 952 F.3d 992, 995 (8th Cir. 2020); and

- *Am. Econ. Ins. Co. v. Jackson*, 476 F.3d 620, 624 (8th Cir. 2007).

Appellate Case: 23-1450    Page: 8    Date Filed: 05/05/2023 Entry ID: 5273730

## III.  STATEMENT OF THE CASE

On December 10, 2021, a tornado ripped through an Amazon Warehouse located at 3077 Gateway Commerce Center Drive, South, Edwardsville, Illinois ("Warehouse"), killing a number of people and injuring others. TriStar was insured by Axis issuing the operative commercial general policy no. ESC90071 ("Policy") that was effective from June 1, 2021 through June 1, 2022. App. 45 R. Doc. 1-2 at 8.

Upon being named a defendant in various actions related to bodily injuries sustained in the tornado at the Warehouse ("Underlying Actions") explained below, TriStar requested Axis uphold its contractual duty to defend and indemnify TriStar in those causes of actions. In response to this request, Axis instituted the action below in the United States District Court for the Eastern District of Missouri for a declaratory judgment. App. 10 R. Doc. 1 at 1.

The Parties agree upon the existence of the Policy. The Parties agree that the Policy was in effect at the time of the tornado. However, the Parties disagree on the interpretation of the language in the Policy and whether it mandates that Axis defend TriStar in the Underlying Actions.

In 2022, various plaintiffs named TriStar as a defendant amongst many defendants in relation to the injured plaintiffs' or decedents' interests. The three relevant suits for the purpose of this appeal were filed in state court in Madison

County, Illinois. On or about January 18, 2022, TriStar and other defendants were named in a wrongful death lawsuit captioned *Alice McEwen v. Amazon.com, Inc. et al.*, Cause No. 2022-LA-000055. App. 147 R. Doc. 8-1 at 1. On or about April 19, 2022, the second relevant wrongful death action likewise named various defendants including TriStar in *January v. Amazon.com, et al.*, Cause No. 2022-LA-000511. App. 474 R. Doc. 25-2 at 1. The third lawsuit alleged TriStar played a role in "life-altering injuries" in *Hickman et al. v. Amazon.com et al.*, Cause No. 2022-LA-000510. App. 508 R. Doc. 25-3, at 1. Lastly, the *Cope* and *Virden* claims have alleged wrongful death of individuals. App. 549 R. Doc. 26 at 5. Collectively, these actions are referenced as the "Underlying Actions." All of the Underlying Actions allege bodily injury and/or death.

On March 21, 2022, Axis filed its original Complaint for Declaratory Judgment. App. 10 R. Doc. 1 at 1. TriStar answered on April 15, 2022, and counterclaimed for declaratory judgment in its favor along with a claim of breach of contract. App. 130 R. Doc. 8 at 1. Axis filed its answer to TriStar's counterclaims on or about May 6, 2022. App. 180 R. Doc. 14 at 1. Axis filed its Amended Complaint for Declaratory Judgment on or about July 15, 2022. App. 192 R. Doc. 19 at 1. TriStar answered the Amended Complaint on July 27, 2022. App. 545, R. Doc. 26, at 1. Axis then filed its Answer to TriStar's counterclaims on August 3, 2022. App. 569 R. Doc. 27 at 1. Axis then filed an Amended Answer to

4

TriStar's Amended Counterclaims on or about August 23, 2022. App. 579. R. Doc. 30 at 1.

The Parties filed their competing motions for summary judgment on October 31, 2022. App. 588 R. Doc. 35 at 1; App. 614 R. Doc. 38 at 1. The Parties then exchanged responses and replies to the other party's motion for summary judgment. App. 764 R. Doc. 51 at 1; App. 833 R. Doc. 54 at 1; App. 852 R. Doc. 58 at 1; App. 870 R. Doc. 59 at 1.  In its judgment below, the district court centered its attention on whether the tornado happened at a location included under the Policy, the language "own, rent, or occupy," and one of the coverage exclusions – the "Products-Completed Operations Hazard Exclusion." App. 903; R. Doc. 65 at 1; App. 914-922 R. Doc. 65 at 12-20.

Turning to the Policy itself, the Policy's general liability coverage states that Axis "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies… this insurance applies to 'bodily injury' and 'property damage' only if:

> (1)    The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';
>
> (2) The 'bodily injury' or 'property damage' occurs during the policy period; and
>
> (3) Prior to the policy period, no insured… .knew that the 'bodily injury' or 'property damage had occurred.'

App. 52 R. Doc. 1-2 at 15. The Policy defines "bodily injury" to be "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." App. 64 R. Doc. 1-2 at 27. The Policy defines "occurrence" to be an "accident." App. 66 R. Doc. 1-2 at 29. The Policy's Coverage Territory is defined to include "[t]he United States of America." App. 64 R. Doc. 1-2 at 27.

The Policy contains various endorsements. For instance, the Policy contains an endorsement that revises the above section of the Policy titled *Limitation of Coverage to Designated Premises, Project or Operation.* App. 50 R. Doc. 1-2 at 13; App. 100-102 R. Doc. 1-2 at 63-65. This particular endorsement states that "[t]his insurance applies to 'bodily injury' and 'property damage' caused by an 'occurrence' that takes place in the 'coverage territory' only if":

(1) The "bodily injury" … [o]ccurs on the premises shown in the schedule or the grounds and structures appurtenant to those premises; … or [a]rises out of the project or operation shown in the Schedule;

(2) The "bodily injury" … occurs during the policy period; and

(3) Prior to the policy period, no insured…knew that the "bodily injury" … had occurred.

*Id.*

Condition (a) focuses on the Policy's definition of a scheduled premise. The Policy's schedule states:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

6

## SCHEDULE OF LOCATIONS

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS COVERAGE PART**

The policy Declarations page is amended as respects Location of all premises you own, rent, or occupy *to include the following*:

| | |
|---|---|
| 2. | 920 S Main St, Saint Charles, MO 63301 |
| 3. | 300 S Main St, Saint Charles, MO 63301 |
| 5. | Sec19/TWP 47N, Warrenton, MO 63383 |
| 8. | Highway T Franklin County, Union, MO 63084 |
| 9. | 1184 N Services Rd., Warrenton, MO 63084 |
| 10. | Warrenton E, Warrenton, MO 63383 |
| 11. | NE Quadrant Hwy 65 & AMP J, Ozark, MO 65721 |
| 12. | St. Charles MO, Saint Charles, MO 63301 |
| 13. | 207 Reservoir Ave, Saint Charles, MO 63301 |
| 15. | 1881 S New Florissant Rd., Florissant, MO 63031 |
| 16. | Hwy 270/255 & Hwy 111, Madison, IL 62060 |
| 19. | 12647 Olive Blvd, St. Louis, MO 63141 |
| 20. | 964 Grandview Ln, Pacific, MO 63069 |
| 21. | Section 25, Township 45 North, Range 5 East of the Fifth Principal Meridian, Huntleigh, MO 63131 |
| 22. | 2035 Old Gray Summit Rd, Pacific, MO 63069 |
| 23. | Interstate 44 & Hwy 100, Gray Summit, MO 63039 |
| 25. | Parcel #04-35-0-300-003, Lebanon, IL 62254 |
| 26. | Long Meadows Road, Pacific, MO 63039 |

All other provisions of the policy remain unchanged.

App. 70-71 R. Doc. 1-2 at 33-34 (**emphasis added**). A further endorsement added number 17.

- #17 E-255, W. Sand Rd., N. 1-270, S. Hwy 270-255 + Hwy 111, Edwardsville, IL 62025.

7

App. 117 R. Doc. 1-2 at 80. Number 17 can be described as an eastward expansion of Number 16.

Much of the disagreement below focused on whether these scheduled premises included or excluded the location of the Warehouse, 3077 Gateway Commerce Center Drive South, Edwardsville, Illinois. App. 608 R. Doc. 37-1 at 1; App. 828 R. Doc 53-1 at 1. The scheduled locations in the Policy include particular addresses along with city blocks, entire cities, and highways.

The district court found that because TriStar did not "own, rent, or occupy" the Warehouse at any time, including during the tornado, that TriStar was not covered by the Policy. App. 70 R. Doc. 1-2 at 33. It is important to note the location of these words, "own, rent or occupy," because they are not found in the definition or terms of the policy. Rather, they are found as general descriptions or titles.

Below, Axis pointed to a number of exclusionary endorsements to support its contention that it had no duty under the Policy to defend TriStar: (1) Products-Completed Operations Exclusion, (2) Classification Exclusion; (3) The Professional Services Exclusion; and (4) the Real Estate Development Activities Exclusion.

8

The district court outlined the arguments from both Parties in its order on all of the exclusions, but it only ruled on the Products-Completed Operations Exclusion.

The _Products-Completed Operations Exclusion_ applies to bodily injuries occurring "away from premises you own or rent." App. 66 R. Doc. 1-2 at 29. TriStar at no point owned or rented the Warehouse that was damaged by the tornado. App. 709 R. Doc. 41-8 at 4. This exclusion's relevant language in the Policy:

16."Products-completed operations hazard":

> a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

> **b. Does not include "bodily injury" or "property damage" arising out of:**

>> **(1) The transportation of property**

App. 66 R. Doc. 1-2 at 29 (emphasis added). The Policy expressly defines products-completed operations hazard to exclude bodily injury arising out of "[t]he transportation of property." _Id_. The Underlying Actions each allege injuries arising from the Amazon "delivery station," also known as the Warehouse. App. 148-149 R. Doc 8-1 at 2-3; App. 209 R. Doc. 19-1 at 1; App. 442 R. Doc. 25-1 at 1; App. 599 R. Doc. 26 at 15. These allegations in the Underlying Actions allege injuries

9

arising out of the decedents' and plaintiffs' transportation of property in their

capacity as delivery drivers for Amazon. *See id*.

The district court explicitly did not address "whether the other exclusions

apply." App. 922; R. Doc. 65 at 20.

The district court entered its judgment on or about February 10, 2023, in

favor of Axis and against TriStar. App. 903 R. Doc 65 at 1; App. 924 R. Doc. 66 at

1. TriStar timely filed its notice of appeal on the final judgment on March 8, 2023.

App. 928 R. Doc. 69 at 1.

## IV. SUMMARY OF THE ARGUMENT

The crux of this appeal is whether, under Missouri law, it is *merely possible* that Axis is obligated under the Policy to defend TriStar in the Underlying Actions. If there is any possibility of coverage under the Policy's language, then Axis has a duty to defend TriStar in the Underlying Actions. Because more than a mere possibility exists, the Eighth Circuit should reverse and remand the district court's grant of summary judgment.

This case concerns the district court's flawed application of Missouri law to this insurance Policy. Namely, the applicable law states that insurance contracts are to be construed to grant coverage rather than exclusion, to be construed against the insurer, and when ambiguities do exist, they should be interpreted against the insurance company.

The district court erred in mining the Policy to find attenuated paths to exclusion. The Policy mandates coverage for TriStar in the underlying actions as a matter of law. Under the Policy there is no serious dispute that TriStar is entitled to coverage unless an endorsement/exclusion applies. As shown herein and below, no such exclusions apply to preclude TriStar coverage.

11

## V.   ARGUMENT

### A.   Standard of Review – de novo.

This Court reviews a grant of summary judgment de novo considering the facts in the light most favorable to the nonmoving party. *Mau v. Twin City Fire Ins. Co.*, 910 F.3d 388, 390 (8th Cir. 2018) (citations omitted). A summary judgment motion is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." *Id*. This Court also reviews "the district court's construction of an insurance policy and interpretation of state law de novo." *Mau v. Twin City Fire Ins. Co*., 910 F.3d 388, 390 (8th Cir. 2018) (quoting *Philadelphia Consol. Holding Corp. v. LSI-Lowery Systems, Inc.*, 775 F.3d 1072, 1076 (8th Cir. 2015)).

### B.   The district court erred because (1) the law creates a duty to defend when there is a ***mere possibility*** that the Policy confers such a duty, (2) the law mandates strict construction of any exclusions, and (3) any ambiguities must be construed in favor of the insured.

In insurance coverage actions involving diversity of citizenship, state law controls the analysis of the policy. *Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc*., 462 F.3d 1002, 1007 (8th Cir. 2006). Here, the Policy at issue was issued in Missouri to a Missouri-resident and the district court applied Missouri law to the Policy.

Under Missouri law, the interpretation of an insurance policy is a question of law. *Interstate Bakeries Corp. v. OneBeacon Ins. Co*., 686 F.3d 539, 542 (8th Cir.

12

2012). When construing an insurance policy, courts apply the meaning attached by an ordinary person of average understanding and must resolve ambiguities in favor of the insured. *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010) (en banc). This rule "is applied more rigorously in insurance contracts than in other contracts in Missouri." *Id.* at 509-10 (internal quotations omitted). In giving effect to these rules, the plain and ordinary meaning of an insurance policy refers to the meaning "as understood by lay persons buying insurance, consistent with the reasonable expectations, objectives, and intent of the parties." *Exotic Motors v. Zurich American Insurance Co.*, 597 S.W.3d 767, 770 (Mo. Ct. App. E.D. 2020). The courts' inquiry is not to arrive at a technical meaning of a term in a policy. *Id.* at 772.

"[A] party cannot use parol evidence to create an ambiguity or to show that an obligation is other than that expressed in the written instrument[.]" *PlaNet Prods., Inc. v. Shank*, 119 F.3d 729, 732 (8th Cir. 1997). "Courts must interpret an insurance policy as written, not as the insurance company wishes it were written." *Schmitz v. Great Am. Assur. Co.*, 337 S.W.3d 700, 707 (Mo. 2011) (en banc).

"The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint." *Interstate Bakeries*, 686 F.3d at 542. "Whether an underlying petition has alleged a claim that is covered by the terms of the insurance policy is a legal question." *Shelter Mut. Ins. Co. v.*

13

*Ballew*, 203 S.W.3d 789, 792 (Mo. Ct. App. W.D. 2006). If the complaint alleges any facts that potentially give rise to a claim within the policy's coverage, the insurer has a duty to defend. *Interstate Bakeries*, 686 F.3d at 542. This is true even if the underlying suit also includes uninsured claims or claims beyond coverage. *Id*. The burden to prove coverage lies with the insured while the burden to show any exclusion applies is on the insurer. *Id*. at 543.

"The duty to indemnify turns on whether the claim is actually covered by the Policy. . . . The duty to indemnify is distinct from and narrower than the ***duty to defend, which turns on whether the claim is potentially covered by the Policy***." *Am. Econ. Ins. Co. v. Jackson*, 476 F.3d 620, 624 (8th Cir. 2007) (citing *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co*., 989 S.W.2d 168, 173 (Mo. 1999) (en banc)) (***emphasis added***).

"In Missouri, insurers must plead exclusions to liability as an affirmative defense." *Zurich Am. Ins. Co. v. Ins. Co. of N. Am.*, 392 F. Supp. 3d 992, 999 (E.D. Mo. 2019); *Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.*, 23 S.W.3d 874, 879 (Mo. Ct. App. W.D. 2000) ("[I]n Missouri, a defense based on an exclusion to an insurance policy is an affirmative defense, and the burden to establish the exclusion is on the insurer. Such a defense must be pled to be relied upon, or it may be waived.").

14

C.    <u>The district court erred in its formulation of the issue from the outset.</u>

There is no serious dispute in this case that, absent any possibly applicable Policy exclusions or endorsements, coverage would be afforded to TriStar. App. 907 R. Doc. 65 at 5. Below, the district court focused on "whether the Warehouse is a 'location' covered by the policy, and if so, whether any of the designated exclusions apply." *Id*.

From the outset, the district court was not applying the appropriate standard. Rather, the district court should have formulated the issue as "whether the Warehouse was ***possibly*** a location covered by the policy." If it is possible that the Warehouse was such a location, then the district court was obligated to find that Axis had a duty to defend.

Similarly, the district court erred in attempting to come to a technical interpretation of the Policy and wading through the designated exclusions to presumably "see if they apply." This again is the wrongful formulation and interpretation of the applicable standard. A more appropriate formulation of the issue might have been "whether any designated exclusions extinguish ***any possibility*** of coverage in light of the policy of Missouri to construe insurance policies in favor of the insured."

15

The trial court erred when it found that TriStar failed to carry its burden to establish that there is a possibility the Policy applies. Consequently, Axis has a duty to defend TriStar in the Underlying Actions.

> D. The Amazon Warehouse is clearly within the *Limitation of Coverage to Designated Premises, Project or Operation* endorsement.

The Policy contains various endorsements which act to edit, revise, remove, and add to the underlying Policy. The following endorsement specifically seeks to act upon limiting the operative coverage area for bodily injuries. The general Policy states that the United States is the coverage area for Axis to cover actions for bodily injury. This Limitation of Coverage endorsement effectively limits the coverage area from the "United States" to an enumerated list of covered locations. App. 100 R. Doc. 1-2 at 63.

The district court wrongfully determined that "own, rent, or occupy" were the operative policy terms. However, as one can see by a cursory review of the other scheduled locations, it would be impossible, for example, for a private party to own St. Charles, Missouri (*see* No. 12 above), or highways (*see, e.g.*, No. 8 above). The district court's conclusion creates an absurd result.

The district court paradoxically cited the Eighth Circuit to support its conclusion:

16

> "A construction which attributes a reasonable meaning to all the provisions of [an] agreement is preferred to one which leaves some of the provisions without function or sense." Brazil v. Auto Owners Insurance Company, 3 F.4th 1040, 1042 (8th Cir. 2021) (quoting Ringstreet Northcrest, Inc. v. Bisanz, 890 S.W.2d 713, 718 (Mo. Ct. App. 1995)); Dibben v. Shelter Ins. Co., 261 S.W.3d 553, 556 (Mo. Ct. App. 2008) (explaining that when interpreting an insurance contract, the court must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant.").

App. 917 R. Doc. 65 at 15. However, in concluding that "own, rent, or occupy" were the operative terms the district court immediately made provisions of the Policy meaningless. Under the district court's interpretation, it would render a significant portion of the listed scheduled locations meaningless because TriStar does not own, rent, or occupy the following, for example:

8.    Highway T Franklin County, Union, MO 63084
10.   Warrenton E, Warrenton, MO 63383
11.   NE Quadrant Hwy 65 & AMP J, Ozark, MO 65721
12.   St. Charles MO, Saint Charles, MO 63301
16.   Hwy 270/255 & Hwy 111, Madison, IL 62060
23.   Interstate 44 & Hwy 100, Gray Summit, MO 63039
26.   Long Meadows Road, Pacific, MO 63039

App. 70-71 R. Doc. 1-2 at 33-34.

The district court erred by selective construction, erred by creating an ambiguity, and then erred again by resolving that ambiguity against the insured when it was obligated to resolve that ambiguity in favor of the insured. Therefore, the extra language of "own, rent, or occupy" should be relegated to what it is: a non-exhaustive and non-binding description of the actually-named scheduled

17

locations. The district court and Axis's position below leads to an absurd result and one that the Eighth Circuit should not entertain.

If Axis wished to limit the insured locations under the policy to only real property owned, rented, or occupied, it could have done so under the same process it limited the coverage area from United States to the enumerated schedule of locations. It chose not to do so.

The district court again erred in taking an unambiguous provision concerning the location of the Warehouse and twisting the Policy to create another needless ambiguity. The district court stated "[e]ven if the Court were to disregard the "own, rent, or occupy" language, neither Location No. 16 nor Location No. 17 can reasonably be construed to include the Amazon Warehouse. App. 918 R. Doc. 65 at 16. The endorsement that adds a description of property to location number 17:

> Location #17:
> E-1255, W. Sand Rd., N. 1-270, S. Hwy 270-255 + Hwy 111
> Edwardsville Il, 62025.

App. 117 R. Doc. 1-2 at 80. The address of the Warehouse, 3077 Gateway Commerce Center Dr, Edwardsville, Illinois, 62025 is clearly encompassed by this above Location No. 17. *Id*. However, the district court found that "[t]his location, as described, does not provide definitive geographical

18

boundaries for which we can determine what areas Location No. 17 actually covers." App. 918 R. Doc. 65 at 16.

As shown in the maps TriStar provided to the district court, any lay person can use Google Maps to search the address of the Warehouse and see that highway 255 is to the west, highway 270 is to the south, and W. Sand Road is to the east. App. 608-609 R. Doc 37-1 at 1-2; App. 828 R. Doc. 53-1 at 11. The most reasonable interpretation of the Policy is one that includes coverage. *See Exotic Motors*, 597 S.W.3d at 770 (the plain and ordinary meaning of an insurance policy refers to the meaning "as understood by lay persons buying insurance, consistent with the reasonable expectations, objectives, and intent of the parties").

Courts analyze the context of an entire insurance policy. *United Fire & Cas. Ins. Co. v. Thompson*, 758 F.3d 959, 962–63 (8th Cir. 2014) (quoting *Golden Rule Ins. Co. v. R.S.*, 368 S.W.3d 327, 334 (Mo. Ct. App. W.D. 2012)) ("The plain meaning of the various terms in an insurance policy is not determined by viewing the terms in isolation but in viewing them in reference to the whole policy.").

Again, if the complaints in the Underlying Actions allege any facts that ***potentially*** give rise to a claim within the policy's coverage, the insurer has a duty to defend. *Interstate Bakeries*, 686 F.3d at 542. Here, there can be no doubt that as written the Policy opens up the possibility of coverage and at its most intuitive

19

interpretation mandates that Axis is under a duty to defend and indemnify TriStar for bodily injury that occurred at any of the scheduled premise locations where TriStar has interests.

E. The Products-Completed Operations Exclusion contains an unclouded exception to the exclusion when the transportation of property is involved.

"Because an insured purchases coverage for protection, the policy will be interpreted to grant coverage rather than defeat it. Consequently, an exclusion is strictly construed against the insurer and in favor of the insured." *Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 112 (Mo. Ct. App. W.D. 2021) (citations and internal quotation marks omitted).

None of the endorsements/exclusions raised by Axis below – (1) the Products-Completed Operations Exclusion, (2) the Classification Exclusion; (3) the Professional Services Exclusion; and (4) the Real Estate Development Activities Exclusion – preclude coverage.

The district court erred in ignoring the roles of the Warehouse and its truck drivers alleged in the Underlying Actions, and in not construing the Policy towards coverage and strictly construing the exemptions. The district court stated definitively that TriStar's argument that followed the terms of the Policy were without merit but then, respectfully, failed to cite any provision of the Policy to support its conclusion. In reality, the Policy's Products-Completed Operations

20

Exclusion plainly states it "[d]oes not include "bodily injury" or "property damage" arising out of: (1) The transportation of property… ."

In *Capitol Indemnity Corp. v. 1405 Associates, Inc*., 340 F.3d 547, 550 (8th Cir. 2003), the Eighth Circuit, applying Missouri law, held that a commercial general liability exclusion for personal and advertising injury "arising out of" termination of employment or employee-related practices barred coverage. *Id*. at 550. In *Capitol Indemnity*, the insurer sought a declaratory judgment that it did not have a duty to defend or indemnify the insured hotel in claims brought by a former hotel manager who was arrested after the hotel reported she had failed to turn over all of the rent receipts after her departure. *Id*. at 548. The Eighth Circuit explained that when the phrase "arising out of" is used in an insurance policy exclusion, "the applicable causation standard is not the strict 'direct and proximate cause' standard applicable in general tort law." *Id*. Rather, "under Missouri insurance law, 'arising out of' has been interpreted 'to be a very broad, general and comprehensive phrase' meaning 'originating from' or 'having its origins in' or 'growing out of' or 'flowing from.'" *Id*. at 550 (quoting *Colony Ins. Co. v. Pinewoods Enters., Inc*., 29 F.Supp.2d 1079, 1083 (E.D. Mo. 1998)). The Eighth Circuit concluded "the incidents of which [the former hotel manager] complains, specifically false arrest, false imprisonment, and slander, all flow directly from [her] employment with [the hotel]." *Id*.

21

The allegations in the Underlying Claims are not in dispute, and each allege injuries arising from an Amazon "delivery station." In all of the Underlying Claims, the alleged injuries and wrongful deaths were suffered by individuals who were acting within their employment as drivers of Amazon commercial vehicles who made deliveries on behalf of Amazon at a location that existed for the purpose of transporting property.

This endorsement does not extinguish the light of possibility that TriStar is entitled to be defended in the Underlying Actions. When construed under the appropriate standard, TriStar is entitled to judgment as a matter of law.

F. Even if the district court did reach the other referenced exclusions below: the Classification Exclusion; the Professional Services Exclusion; or the Real Estate Development Activities Exclusion, none are sufficient to preclude the possibility of coverage to TriStar under the Policy.

While the district court erred regarding the Products-Completed Operations Exclusion, it also erred in denying TriStar's Motion for Summary Judgment that argued that no other alleged exemptions apply to preclude coverage.[1]

"In Missouri, insurers must plead exclusions to liability as an affirmative defense." *Zurich Am. Ins. Co.*, 392 F. Supp. 3d at 999; *Century Fire Sprinklers,*

_____

[1] TriStar incorporates by reference all of its arguments in its underlying dispositive motions for summary judgment, its response to Axis's motion of summary judgment, and its reply to Axis motion for summary judgment below. Specifically, TriStar incorporates by reference all arguments stating the Policy should apply to mandate coverage in the Underlying Actions and for its counterclaim for breach of contract.

Appellate Case: 23-1450     Page: 28     Date Filed: 05/05/2023 Entry ID: 5273730

*Inc.*, 23 S.W.3d at 879 ("[I]n Missouri, a defense based on an exclusion to an insurance policy is an affirmative defense, and the burden to establish the exclusion is on the insurer. Such a defense must be pled to be relied upon, or it may be waived."); *Murray-Kaplan v. NEC Ins., Inc.*, 617 S.W.3d 485, 494 (Mo. Ct. App. E.D. 2021).

The Classification Limitation Endorsement (App. 115 R. Doc. 1-2 at 78) was first mentioned in the Axis motion for summary judgment below (App. 614 R. Doc. 38 at 1). Because it was not raised in the pleadings as an affirmative defense, this defense was waived and cannot prevail on exclusion. Even if this Court finds that the affirmative defense was not waived; it should still find that this exclusion does not apply because Axis relied upon parol evidence found outside of the Policy.

Similarly, the Designated Professional Services Exclusion (App. 97 R. Doc. 1-2 at 60) was not raised in the appropriate pleadings. Therefore, it was waived and relief may not be granted on this exclusion. See briefing below.

Finally, the Real Estate Development Activities Exclusion (App. 84 R. Doc. 1-2 at 47) does not apply by its own terms to preclude coverage because Axis never owned the Warehouse.

23

G. **TriStar is entitled to judgment in its favor regarding breach of contract.**

The district court erred in denying TriStar's counterclaim for breach of contract because the Policy applies, and Axis has a duty to defend TriStar in the Underlying Actions.

24

## VI.  CONCLUSION

Wherefore, TriStar requests this Court reverse and remand the district court's grant of declaratory judgment in favor of Axis and enter summary judgment in favor of TriStar regarding the Policy's applicability to the Underlying Actions and for any other relief this Court deems just. Additionally, TriStar requests this Court to reverse and remand the district court's denial of its counterclaim for breach of contract and enter judgment in its favor.

**BLITZ, BARDGETT & DEUTSCH, LC**

By:    */s/ Christopher O. Bauman*
       Robert D. Blitz #24387MO
       Christopher O. Bauman #52480MO
       Steven Alan Ramsey #67126MO
       Blitz, Bardgett & Deutsch, L.C.
       120 South Central Ave., Suite 1500
       St. Louis, Missouri 63105
       314-863-1500 (office)
       314-863-1877 (facsimile)
       rblitz@bbdlc.com
       cbauman@bbdlc.com
       sramsey@bbdlc.com
*Attorneys for TriStar Companies, LLC*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1.     This motion complies with Federal Rule of Appellate Procedure

27(d)(2)(A) because this motion contains 5,048 words.

2.     This motion complies with the typeface requirements of Fed. R. App.

P.27(d)(1)(E) and the type style requirements of Fed. R. App. P. 27(d)(1)(E)

because this motion has been prepared in a proportionally spaced typeface using

Microsoft Word 2010 in 14-point font size Times New Roman.


*/s/ Christopher O. Bauman*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all parties registered with the Court's e-filing system as attorneys of record on this 5th day of May, 2023.


*/s/ Christopher O. Bauman*